UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EMATHIOUS ROBINSON

VERSUS

MITCHELL INTERNATIONAL,
INC., ET AL.

CIVIL ACTION

NO. 14-024-JJB-RLB

## RULING

This matter is before the Court on the Defendant Dr. Allen Krohn's Motion (doc. 18) to Dismiss Pursuant to Rule 12(b)(6) or, Alternatively, Motion for Summary Judgment. The plaintiff Emathious Robinson filed a memorandum in opposition to the motion. (Doc. 26). Jurisdiction is based on 28 U.S.C. § 1332. Oral argument is not necessary. For the following reasons, the Court **DENIES** the Defendant Dr. Allen Krohn's Motion (doc. 18) to Dismiss Pursuant to Rule 12(b)(6) or, Alternatively, Motion for Summary Judgment.

**Background**

The plaintiff filed suit against Dr. Allen Krohn and Mitchell, International, Inc., contending that Dr. Krohn defamed her in a written report that stated she exhibited "opioid drug seeking behavior." The defendants removed the case to this Court based on diversity jurisdiction.

The plaintiff suffered an injury in a work-related accident, and as a result, began to receive worker's compensation benefits. (Doc.1-2, p. 1, ¶ 3). Subsequently, the worker's compensation carrier enlisted the services of the co-defendant Mitchell International Inc. ("Mitchell International") to perform a utilization review of the plaintiff's medical care services and treatments for the purpose of determining if continued treatment was medically necessary. (Doc. 1-2, p. 1, ¶ 4). Mitchell International employed the defendant Dr. Krohn to conduct this utilization review. (Doc. 1-2, p. 1, ¶ 5). Dr. Krohn reviewed the plaintiff's medical records and

1

issued a written utilization report, noting in part that the plaintiff exhibited "opioid drug seeking behavior." (Doc. 1-2, p. 2, ¶ 8).

The plaintiff claims that the defendants acted with malice in making the allegedly false and defamatory statement, and then publishing it to third persons. The plaintiff also claims that the statement injured her reputation in her profession and caused her to experience emotional distress. (Doc. 26, p. 1).

The defendant Dr. Allen Krohn filed the pending motion, seeking to either dismiss the plaintiff's defamation claim pursuant to Rule 12(b)(6), or alternatively, obtain a summary judgment in his favor on the plaintiff's claims. The defendant asserts that the plaintiff failed to meet the burden of establishing the requisite elements of defamation under Louisiana law. Furthermore, the defendant avers that he is entitled to a qualified privilege and that the statement caused no injury. (Doc. 18, p. 1).

**Discussion**

1. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). "It is a well-settled rule that under a 12(b)(6) analysis, the court 'must limit [its] inquiry to the facts stated in the complaint and the documents attached to or incorporated in the complaint.'" *Murray v. Royal Alliance Associates*, 2007 WL 2682849, In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Davis*, 2012 WL 2064699, at *1. A court need not determine whether the plaintiff's claims will ultimately succeed on the merits. *Twombly*, 550 U.S., at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Under Louisiana law, four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004). Of particular relevance to this case, Dr. Krohn included in his report that the plaintiff exhibited "opioid drug seeking behavior." (Doc. 1-2, p. 2). In her complaint, the plaintiff provides that "[o]pioid drug seeking behavior is the addiction and abuse of such drugs as hydrocodone, oxycodone, and hydromorphone, as well as illicit drugs such as crack cocaine, methamphetamine, heroin, opium and the like." *Id.* It is alleged that defendant Krohn "communicated to . . . third persons that the plaintiff has "opioid drug seeking behavior." *Id.* In addition to harming her reputation and inducing hostility towards her, the plaintiff claims that she will no longer be able to continue practicing as a nurse in the medical field, as she cannot practice if diagnosed with a drug addiction. *Id.* The plaintiff claims that Dr. Krohn did not have any basis from the medical records to render such a conclusion, but he intentionally rendered such a biased, false, and malicious opinion "in order to maintain his financial benefits" from Mitchell International. *Id.* at 2–3.

After review, the Court finds that the plaintiff pleaded sufficient facts in order to state a defamation claim that is plausible on its face. Furthermore, while the plaintiff claims to be entitled to a qualified privilege, the Court finds that such a determination is beyond the scope of the Rule 12(b)(6) motion to dismiss, as a decision requires factual determinations on matters outside of the complaint. Therefore, as the Court finds that the plaintiff pleaded sufficient facts to state a claim for relief, the Court must deny the defendant's Rule 12(b)(6) motion to dismiss.

2. Motion for Summary Judgment

Alternatively, Dr. Krohn asks this Court to grant him summary judgment on the plaintiff's defamation claim, as he contends the plaintiff is unable to produce sufficient evidence to raise a genuine issue of material fact as to his claim. The Court finds that it is premature to rule on any summary judgment at this time and is denying the motion as a result. In his opposition, the plaintiff contends that "[d]iscovery has not been conducted." (Doc. 26, p. 6). Additionally, the scheduling order delineates that discovery is not due until February 17, 2015. At the present time, the Court finds that it is premature to rule on any such motion. Nonetheless, the defendant may submit another motion for summary judgment at a later date, after additional discovery has been conducted in this case.

**Conclusion**

Therefore, the Court **DENIES** the Defendant Dr. Allen Krohn's Motion (doc. 18) to Dismiss Pursuant to Rule 12(b)(6) or, Alternatively, Motion for Summary Judgment.

Signed in Baton Rouge, Louisiana, on June 16, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**