UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMATHIOUS ROBINSON                                 CIVIL ACTION

VERSUS                                                             NO. 14-24-JJB-RLB

MITCHELL INTERNATIONAL, INC.
AND ALLEN KROHN, M.D.

**ORDER**

Before the Court is Defendant's Motion to Strike. (R. Doc. 55). The motion is opposed. (R. Doc. 56). Defendant has filed a Reply. (R. Doc. 59). Based on the record and the applicable law set forth below, Defendant's Motion to Strike is **DENIED**.

**I.**     **Background**

Plaintiff, a registered nurse, is suing Dr. Allen Krohn and Mitchell International, Inc., ("Mitchell") (collectively "Defendants") for defamation. (R. Doc. 1-2). Plaintiff alleges that Mitchell hired Dr. Krohn to review and provide a report of Plaintiff's medical records in connection with an ongoing worker's compensation claim. (R. Doc. 1-2 at 1). Plaintiff claims that in his report, Dr. Krohn falsely "communicated" to "third persons" that she exhibited "[opioid] drug seeking behavior." (R. Doc. 1-2 at 2). On September 16, 2013, Plaintiff filed suit against Defendants for defamation claiming, among other things, that the allegedly false statement "damages her in her profession." (R. Doc. 1-2 at 2).

On March 20, 2014, the parties submitted a Joint Status Report. (R. Doc. 23). Plaintiff provided a list of potential expert witnesses to testify in this action, stating that "The Louisiana State Board of Nursing may testify as to the affects the defamatory publication will have on the [plaintiff's] career." (R. Doc. 23 at 6).

Based on the parties' proposed deadlines in the Joint Status Report, the Court issued its initial Scheduling Order on March 31, 2014. (R. Doc. 24). The Scheduling Order required that all

fact and expert discovery be completed by February 17, 2015, and required dispositive motions to be filed by April 15, 2015. (R. Doc. 24 at 1-2).

On December 30, 2014, in response to an interrogatory, Plaintiff identified Miranda Christopher as a witness who could testify "as to the affects the defamatory publication will have on the plaintiff's career." (R. Doc. 55-2 at 2). There is no indication in the record that Plaintiff has submitted an expert report by Ms. Christopher in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

On February 6, 2015, a subpoena was issued from this Court on Dr. Krohn's behalf, noticing the deposition of Ms. Miranda Christopher for February 25, 2015. (R. Doc. 55-3 at 3). The subpoena, however, was actually directed to and served on the Louisiana State Board of Nursing, Ms. Christopher's employer,[1] through a certified letter dated February 10, 2015.[2] (R. Doc. 55-3 at 3) ("[T]his subpoena is directed . . . to: Louisiana State Board of Nursing through its Executive Director for the Deposition of its employee, Miranda Christopher."). At the time Dr. Krohn issued the subpoena the deadline for all fact and expert discovery was set for February 17, 2015. (R. Doc. 24). On February 24, 2015, LSBN responded to the subpoena by objecting to the deposition of Ms. Christopher, claiming that it would "elicit testimony . . . that is confidential" under several Louisiana statutes. (R. Doc. 55-4).

---

[1] The Court takes no position as to whether service of the subpoena was proper under Rule 45(b)(1), as this issue is not before the Court. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person."); *Seals v. Shell Oil Supply*, No. 12-1983, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013) ("Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena."); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (finding service of a Rule 45 subpoena on a party's attorney, instead of the party, "renders such service a nullity"). Moreover, standing to challenge a Rule 45 subpoena based on improper service lies with the person subject to the subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (a party's standing to challenge a Rule 45 subpoena issued to a non-party is limited to an alleged "personal right or privilege with respect to the subpoenaed materials"); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (defendant "lack[ed] standing to object to improper service" of a Rule 45 subpoena served on a non-party).

[2] Dr. Krohn has not filed proof of service in the record or otherwise indicated when the subpoena was actually served on the Louisiana State Board of Nursing.

On February 12, 2015, Plaintiff moved for an extension of the discovery deadlines based upon a separate letter received from the LSBN. (R. Doc. 53). On March 11, 2015, the court granted Plaintiff's request in part, extending the fact discovery deadline to May 18, 2015, the expert report and disclosure deadline to June 1, 2015, the expert discovery deadline to June 15, 2015, and the dispositive motion deadline to July 1, 2015. (R. Doc. 54 at 3-4).

Despite these extensions, at no time did Dr. Krohn move to compel compliance with the subpoena or otherwise seek to take the deposition of Ms. Christopher. Instead, on May 5, 2015, Dr. Krohn filed the instant motion to strike Ms. Christopher as a witness. (R. Doc. 55).

## II. Law and Analysis

Although Plaintiff has identified Ms. Christopher as a potential "expert" witness, it is not clear from the record whether Plaintiff actually identified Ms. Christopher as a reporting expert under Rule 26(a)(2)(B). Dr. Krohn does not allege that Plaintiff violated Rule 26(a)(2)(A) by failing to disclose Ms. Christopher's identity as an expert witness. Dr. Krohn does not discuss whether Ms. Chrisopher has submitted an expert report, as required by the Scheduling Order; or is qualified to provide expert testimony on the effect of the allegedly defamatory statement on her career as a nurse. Dr. Krohn can move, at a more appropriate time in this action, to exclude Ms. Christopher as an expert witness, due to Plaintiff's failure to comply with his disclosure obligations, if appropriate.[3] The sole issue before the court at this time is whether Ms. Christopher should be

---

[3] "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). A party who fails to identify a witness pursuant to Rule 26(a) may not use that witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The admission or exclusion of expert testimony is a matter left to the discretion of the trial court, and that decision will not be disturbed on appeal unless it is manifestly erroneous." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004) (citing *First Nat'l Bank v. Trans Terra Corp. Int'l,* 142 F.3d 802, 811 (5th Cir. 1998).

precluded from providing any testimony — lay or expert — based upon the objections to the Rule 45 subpoena provided by the LSBN.

Plaintiff identified Ms. Christopher as a potential witness on December 30, 2014 in response to an interrogatory. (R. Doc. 55-2 at 2). Dr. Krohn now seeks to strike Ms. Christopher as a witness on the basis that he "is in a position of being unable to depose" Ms. Christopher in light of LSBN's objection to the subpoena seeking her deposition. (R. Doc. 55-1 at 3). Dr. Krohn argues that he "will be materially prejudiced through the inability to take her deposition to discover any relevant information she may have regarding Plaintiff's claim and will be unable to adequately prepare his defense based on same." (R. Doc. 55-1 at 3).

The court disagrees with Dr. Krohn that the LSBN's objection to his subpoena of Ms. Christopher rendered him "unable" to take her deposition or, at the very least, to seek an order from the court compelling her deposition. There is no indication in the record that Dr. Krohn sought to take the deposition of Ms. Christopher over LSBN's objections. Despite the court's extension of the fact and expert discovery deadlines, Dr. Krohn has not moved this court to compel compliance with the subpoena pursuant to Rule 45(d)(2)(B)(i). Conversely, LSBN has never sought to quash the subpoena pursuant to Rule 45(d)(3). In short, LSBN provided an objection to the subpoena that was never filed into the record prior to the instant motion, and Dr. Krohn failed to pursue the avenues available to him to enforce the subpoena and take the deposition.

That LSBN objected to the subpoena is an insufficient reason for Dr. Krohn's failure to take steps to depose Ms. Christopher, including, if necessary, filing an appropriate motion to compel. In its letter objecting to Christopher's deposition, LSBN relies on various Louisiana statutes in support of its position that the testimony sought from Ms. Christopher could not be provided. (R. Doc. 55-4 (citing La. R.S. 44:4(9); La. R.S. 49:956(8)(a); and La. R.S. 49:956(8)(c))). The court need not decide to what extent these statutes may have provided Ms. Christopher or the LSBN a basis for

4

objecting to certain questions at the subpoenaed deposition.[4]  Regardless of whether the scope of the deposition testimony sought would be subject to objection pursuant to these statutes, Dr. Krohn took no appropriate steps to obtain such testimony after receiving LSBN's objection letter.

The court finds no basis for striking Ms. Christopher as a witness based upon the motion and record before it.  Any prejudice resulting from Dr. Krohn's failure to depose Ms. Christopher is of Dr. Krohn's own doing.  To the extent Plaintiff designates Ms. Christopher as an expert witness in the pre-trial order, Dr. Krohn will have an opportunity to challenge this designation and seek an appropriate remedy based upon whether timely expert disclosures and reports were provided.

### III.   Conclusion

For the foregoing reasons, the court finds no basis for striking Ms. Christopher as a witness at this time.  To the extent Dr. Krohn seeks an extension of the discovery deadlines to file a motion to compel the deposition of Ms. Christopher through his Reply (R. Doc. 59 at 4), the court finds no good cause for modifying its current scheduling order pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.  Fact and expert discovery is closed.

**IT IS ORDERED** that Defendant's Motion to Strike is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 22, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff argues that the Louisiana statutes relied upon by the LSBN in its objection letter relate to the protection of records only, and not deposition testimony.  (R. Doc. 56 at 4).